743 F.Supp. 80 (1990)
Patricia DION, Plaintiff,
v.
COMMISSIONER, MAINE DEPARTMENT OF HUMAN SERVICES, Defendant/Third-Party Plaintiff,
v.
Louis W. SULLIVAN, M.D., in his capacity as Secretary of the United States Department of Health and Human Services, and Clayton Yeutter, in his capacity as Secretary of the United States Department of Agriculture, Third-Party Defendants.
Civ. No. 89-0143-P.
United States District Court, D. Maine.
July 12, 1990.
Mary T. Henderson, Pine Tree Legal Assistance, Inc., Augusta, Me., for Patricia Dion.
Marine E. Thibeau, Asst. Atty. Gen., Dept. of Human Services, Augusta, Me., for Maine Department of Human Services.
Kevin Meckus, Office of Gen. Counsel, U.S. Dept. of Agriculture, Food & Nutrition Div., Washington, D.C., for Department of Agriculture.
*81 David R. Collins, Asst. U.S. Atty., Portland, Me., for U.S. Dept. of HHS.

MEMORANDUM OF DECISION AND ORDER
GENE CARTER, Chief Judge.
Plaintiff is a teenaged mother who resides in Maine and who has received public assistance under the Aid to Families with Dependent Children (AFDC) and Food Stamp programs. The Commissioner counted Plaintiff's part-time earnings from an after-school job when calculating her eligibility for Food Stamp and AFDC benefits. Plaintiff challenges the Commissioner's inclusion of her income, arguing that she is entitled to an exclusion of the income as a "child" under the Food Stamp Act and a disregard of the earned income under the AFDC program as a "dependent child receiving AFDC." The parties have submitted the case on a stipulated record.
The Court holds that the Food Stamp regulation found at 7 C.F.R. § 273.9(c)(7) (Jan. 1, 1990), and any state rules promulgated in conformance with that regulation, conflict with the plain language of the child income exclusion in the Food Stamp Act, and thus the Court will set the regulation aside. The Court also holds, however, that the state Defendant did not violate the AFDC statute or AFDC regulations by denying Plaintiff the income disregard for a "dependent child."

BACKGROUND
At the time this action commenced in May 1989, Plaintiff was a seventeen-year-old high school student and a single mother. Plaintiff and her infant daughter reside with Plaintiff's parents, although Plaintiff purchases and prepares food for herself and her child separately from her parents and is not under their control.
Plaintiff had been receiving public assistance from the AFDC and Food Stamp programs. 42 U.S.C. § 601, et seq.; 7 U.S.C. § 2011, et seq. In May 1988 Plaintiff obtained a part-time job, and the Commissioner counted her income in the calculation of her eligibility for both AFDC and Food Stamp benefits. The amount of Plaintiff's Food Stamp benefits were reduced in July, 1988 as a result of the inclusion of her income; further, Plaintiff's AFDC benefits were terminated in February 1989 when her mother's income increased, raising the amount of income deemed available to Plaintiff and rendering her financially ineligible for AFDC.
In the present action, Plaintiff challenges the rules which contributed to the reduction in her Food Stamp benefits and the termination of her AFDC benefits.[1]

STANDARD OF REVIEW
The principles governing judicial review of agency construction of statutes are well established. A reviewing court must begin its analysis by determining whether Congress "has directly spoken to the precise question at issue" and whether the "intent of Congress is clear." Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 n. 9, 104 S.Ct. 2778, 2781-82 n. 9, 81 L.Ed.2d 694 (1984). If the court finds a clear Congressional intent, the regulation must be fully consistent with the statutory meaning. Id.; National Labor Relations Board v. United Food and Commercial Workers Union, 484 U.S. 112, 123, 108 S.Ct. 413, 425, 98 L.Ed.2d 429 (1987).
In analyzing a statute to ascertain the intent of Congress, the Court must start with the plain language of the provision itself. Board of Governors v. Dimension Financial Corp., 474 U.S. 361, 368, 373, 106 S.Ct. 681, 685, 688, 88 L.Ed.2d 691 (1986). The Court also must analyze the *82 "design of the statute as a whole," K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 291, 108 S.Ct. 1811, 1817, 100 L.Ed.2d 313 (1988), and the history and overall purposes of the statute. Massachusetts v. Lyng, 893 F.2d 424, 429 (1st Cir.1990).
If the Court finds a clear congressional intent on the question at issue, the regulation must be fully consistent with the statutory meaning. If the Court finds no clear Congressional intent, it must defer to the agency's interpretation of the statute, provided that it is based on a permissible construction. Chevron, 467 U.S. at 843, 104 S.Ct. at 2781.

FOOD STAMP PROGRAM
The Food Stamp Act was established by Congress to raise the levels of nutrition among low-income households. 7 U.S.C. § 2011. The program is funded by the federal government and administered by states which elect to participate.[2] Participating states must manage the program in compliance with federal standards.
Only needy "households" are eligible for benefits under the food stamp program.[3] 7 U.S.C. § 2014. Eligibility is determined by considering the total income and other financial resources of an applicant household. 7 U.S.C. § 2014(a). Household income for the purposes of the Act includes "all income from whatever source," with certain specific exclusions. 7 U.S.C. § 2014(d). One of those exclusions is for income of child members of the household who are under eighteen and who are students. 7 U.S.C. § 2014(d)(7).
Plaintiff challenges a United States Department of Agriculture regulation which states that only persons "under the parental control of a household member" are considered children for the purposes of the child income exclusion. See 7 C.F.R. § 273.9(c)(7).[4] That regulation renders Plaintiff, as well as other teenaged mothers who apply for food stamp benefits, to be heads of their households, ineligible for the income exclusion found at 7 U.S.C. § 2014(d)(7). Secretary Yeutter contends that a Food Stamp applicant cannot be the head of her household as well as a child for the purpose of 7 U.S.C. § 2014(d)(7).
The Court begins its analysis by examining the plain language of section 2014(d)(7). That section provides:

*83 (d) Income excluded in computing household income. Household income for purposes of the food stamp program shall include all income from whatever source excluding only ... (7) income earned by a child who is a member of the household, who is a student, and who has not attained his eighteenth birthday.
7 U.S.C. § 2014(d)(7). The dispute in this case centers on the word "child" contained in that provision. Secretary Yeutter argues that Congress used the word in contrast to a household member's "parent." The Secretary thus contends that Congress contemplated that the income exclusion would be available only to persons "under the parental control of another household member." Plaintiff responds by arguing that dictionary definitions of the word "child" make no reference to parental authority and that the Secretary's regulation conflicts with the statute's plain language.
The Court concludes that the word "child," as ordinarily understood, refers to a young person who has not yet reached a certain stage of development, usually puberty or adolescence.[5] The word, standing alone, is somewhat ambiguous in the sense that it is not entirely clear when a young person ceases to be a child; Congress, however, resolved this possible ambiguity by limiting the exclusion to persons who are under eighteen years of age. The eighteen-year-old cut-off supplies an easy to administer rule in an area where individual fact-finding determinations are undesirable. The Court holds that the plain language of the provision evidences Congress's clear intent to afford the income exclusion to household members who are under the age of eighteen and who are students.
To be valid, the "parental authority" regulation must be fully consistent with the statutory meaning. The regulation, however, requires states (in certain instances, as in Plaintiff's case) to count income which Congress intended be excluded when calculating food stamps eligibility. Because the regulation conflicts with Congress's clear intent, as expressed in the plain language of the provision, it is invalid.
The legislative history to section 2014(d)(7), although sparse, supports the conclusion that persons in Plaintiff's position are entitled to the income exclusion of 7 U.S.C. § 2014(d)(7). Congress enacted the income exclusion in the Food Stamps Act of 1977 as part of a major overhaul of the food stamp program. Pub.L. 95-113, 91 Stat. 962. Prior to the 1977 amendments, the evaluation of income and the availability of income exclusions was determined solely by Department of Agriculture regulations. See House Rep. No. 95-464, Pub.L. 95-113, reprinted in 1977 U.S.Code Cong. & Admin.News, 1704, 1971, 1993-2001; see also Massachusetts v. Lyng, 893 F.2d at 429. The child income exclusion was stated in the regulations prior to 1977, and Congress adopted that exclusion in slightly altered form. See Id. at 2001, 2013.[6]
*84 The House Report explaining the Food Stamp Act of 1977 comments but briefly on the child/student income exclusion. That report does make clear, however, that one of its purposes is to avoid the administrative difficulties involved in counting small and difficult-to-document sums of money. See H.R. 95-464, 1977 Cong. & Admin. News at 2013. The purpose of the provision is certainly broader than the short statement contained in the House Report, however, since the statute requires the child to be a student in order to be eligible for the exclusion. This latter requirement encourages children to stay in school.
These legislative goals have equal (if not greater) force when applied to a teenaged mother applying as head of her food stamp household. The earnings of a teenaged mother who is attending school are undoubtedly small and difficult to document. Moreover, the pressures exerted on a teenaged mother also increase the risk that she will discontinue her education. A construction of the statute which frustrates the goals of the child/student income exclusion runs afoul of Congress's clear intent and cannot be upheld.
Secretary Yeutter argues that since the child income exclusion is available only to children who are members of the food stamp "household," the Court must read the statute in conjunction with the definition of that term.[7] The Court recognizes, of course, that it must not view particular words in isolation; words in a statute must be read in context and the statute analyzed as a whole. The Court concludes, however, that the definition of "household" is of little assistance to the question now before it.
Until recently, the definition of a food stamp household generally treated parents, children and siblings who live together as a single household; a person in Plaintiff's circumstances could not qualify with her child to form a separate household. See Lyng v. Castillo, 477 U.S. 635, 636, 106 S.Ct. 2727, 2728, 91 L.Ed.2d 527 (1986). Plaintiff is eligible to form a food stamp household separate from that of her parents, with whom she lives, due to the McKinney Homeless Assistance Act, which expanded the definition of "household" to include specifically:
a parent of minor children and that parent's children (notwithstanding the presence in the home of any other persons, including parents and siblings of the parent with children) who customarily purchase food and prepare meals separate from other persons....
7 U.S.C. § 2012(i)(3). The amendment was intended to combat the homeless problem in the United States by allowing "three generations living together to form two separate households if the parents with minor children purchase and prepare meals separately from the grandparents." H.R. Conf.Rep. No. 100-174, 100th Cong., 1st Sess. 103 (1987), 1987 U.S.Code Cong. & Admin.News, 362, 482.
The Secretary argues that the definition of "household" found at 7 U.S.C. § 2012 contemplates a parent and a child, each with a distinct role that must remain constant throughout application of the Food Stamp Act; he argues that Plaintiff has applied as the parent of her food stamp household and cannot also be considered a child for the purposes of the income exclusion of section 2014(d)(7). Plaintiff argues that she would be eligible for food stamp benefits regardless of the amendment to 7 U.S.C. § 2012 because her father is disabled and she thus can establish a separate household under 7 U.S.C. § 2012(i)(3).
The Court finds this line of analysis unhelpful in determining whether Congress clearly intended that teenaged mothers who apply for food stamps be eligible for the income exclusion. The legislative history of the child income exclusion demonstrates that Congress added the requirement that the child be a member of the household simply to clarify that the exclusion would apply only to persons who were members of the household; previous to the *85 passage of the Food Stamp Act of 1977, the regulation merely required that the child reside there. See H.R. 95-464, 1977 Cong. Admin.News at 2013. Plaintiff is a member of her food stamp household and therefore meets that requirement of the statute.
There is no indication that Congress intended to define the word "child" in the income exclusion with reference to the definition of the term "household." Indeed, at the time Congress codified the child income exclusion, the definition of "household" did not include a parent/child reference. See Id. at 2112. Moreover, the definition of household, as amended, contains several alternative classifications of what constitutes a household in the Act, some of which do not make reference to the parent/child relationship. In the proper circumstances the child income exclusion would apply to each one of those separate classifications. For these reasons, the Court does not find that the definition of "household" clarifies the use of the word "child" in section 2014(d)(7).[8]
In sum, an examination of the language, statutory framework, and legislative history persuades the Court that Congress clearly intended that the income of household members who are students and who have not reached their eighteenth birthday should be excluded in determining food stamp eligibility. The regulation found at 7 C.F.R. § 273.9(c)(7), to the extent that it requires that a person be under the parental authority of another household member to be entitled to the exclusion, is inconsistent with Congress's clear intent and is thus invalid.

AFDC PROGRAM
Congress designed the AFDC program to furnish financial assistance to certain needy families with "dependent children." 42 U.S.C. § 601. The federal government funds the program, and participating states must administer the program in conformance with federal statutes and regulations. 42 U.S.C. § 602(b). AFDC benefits are available to meet the needs of "dependent children" and the needs of "the relative with whom any dependent child is living." 42 U.S.C. § 606(b).
The AFDC statute contains a long and winding scheme for determining what income and resources are to be counted in calculating eligibility for AFDC benefits. The statute provides, inter alia, a disregard for the income of "each dependent child receiving [AFDC]," who is also a student. 42 U.S.C. § 602(a)(8)(A)(i).[9] The term "dependent child" is defined as:
a needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home ... or physical or mental incapacity of a parent, and who is living with his father, mother, ... in a place of residence maintained by one or more of such relatives as his or their own home, and (2) who is (A) under the age of eighteen ...
42 U.S.C. § 606(a). Plaintiff maintains that she meets the definition of a dependent child because her father is disabled, she is under the age of eighteen, and she lives in a residence maintained by her parents. The Commissioner, however, determined that Plaintiff did not apply for AFDC as a dependent child and included Plaintiff's income when determining her AFDC eligibility.
Plaintiff applied for AFDC benefits for herself and her child. In determining AFDC eligibility, the state was required to include the income and resources of all *86 co-resident parents, brothers, and sisters of the dependent child. 42 U.S.C. §§ 602(a)(7) and (38).[10] Thus the state had to include the income and resources of Plaintiff, the co-resident parent of her daughter, the dependent child, when calculating their AFDC eligibility. If Plaintiff were the dependent child, on the other hand, the income of her own parents would be included in determining eligibility pursuant to § 602(a)(38).[11]
Analyzing the language and design of the statute as a whole, the Court concludes that Plaintiff applied for AFDC in the capacity of a caretaker relative, i.e., the mother, of her dependent child. Plaintiff did not receive AFDC in the capacity of the dependent child of her own parents, but rather as the parent of a dependent child, and thus was a "relative ... receiving [AFDC]." 42 U.S.C. § 602(a)(8)(ii). The statutory structure prohibits Plaintiff from being considered a dependent child and a caretaker relative simultaneously. The Commissioner, therefore, did not violate the AFDC statute or AFDC regulations by denying Plaintiff the income disregard provided to "dependent children" because Plaintiff did not apply for AFDC as a dependent child.

ORDER
Accordingly, the Court ORDERS that Plaintiff's Motion for Judgment Upon a Stipulated Record be, and it is hereby, GRANTED with respect to her challenge to the food stamp regulation found at 7 C.F.R. § 273.9(c)(7).
The Court hereby DECLARES that 7 C.F.R. § 273.9(c)(7), and any state rule passed in conformance with 7 C.F.R. § 273.9(c)(7), are INVALID to the extent that they limit the income exclusion of 7 U.S.C. § 2014(d)(7) to persons under the parental control of another household member.
The Court ORDERS Plaintiff's case be REMANDED to the Commissioner for a redetermination of her food stamp eligibility, both current and retroactive to May, 1988, without regard to the "parental authority" rule, and to restore any food stamp benefits lost as a consequence of application of that rule.[12]
The Court FURTHER ORDERS that Defendants' Motion for Judgment Upon a Stipulated Record be, and it is hereby, GRANTED with respect to Plaintiff's claim that she is entitled to an income disregard *87 under the Aid to Families with Dependent Children program.
SO ORDERED.
NOTES
[1] Plaintiff originally filed this action as an appeal from an administrative decision which upheld the Commissioner's actions. The state Defendant removed the case to this Court, and subsequently filed separate third-party complaints against the Secretary of Health and Human Services and the Secretary of Agriculture. The state Defendant seeks to bind the federal Defendants to any decision of this Court and to avoid any administratively imposed federal sanctions in the event there might be a conflict between an order of this Court and federal requirements.
[2] The State of Maine has elected to participate in the Food Stamp program; the Maine Department of Human Services administers the program in the state. 22 M.R.S.A. § 3104.
[3] The term "household" is defined in the Food Stamp Act as follows:

"Household" means (1) an individual who lives alone or who, while living with others, customarily purchases food and prepares meals for home consumption separate and apart from the others, (2) a group of individuals who live together and customarily purchase food and prepare meals together for home consumption, or (3) a parent of minor children and that parent's children (notwithstanding the presence in the home of any other persons, including parents and siblings of the parent with minor children) who customarily purchase food and prepare meals for home consumption separate from other persons, except that the certification of a household as a separate household under this clause shall be reexamined no less frequently than once every 6 months; except that (other than as provided in clause (3)) parents and children, or siblings, who live together shall be treated as a group of individuals who customarily purchase and prepare meals together for home consumption even if they do not do so, unless one of the parents, or siblings, is an elderly or disabled member.
. . . . .
7 U.S.C. § 2012(i).
[4] The regulation provides in pertinent part:

(c) Income Exclusions. Only the following items shall be excluded from household income and no other income shall be excluded:
. . . . .
(8) The earned income (as defined in paragraph (b)(1) of this section) of children who are members of the household, who are students at least halftime, and who have not attained their 18th birthday. The exclusion shall continue to apply during temporary interruptions in school attendance due to semester or vacation breaks, provided the child's enrollment will resume following the break. If the child's earnings or amount of work performed cannot be differentiated from that of other household members, the total earnings shall be prorated equally among the working members and the child's pro rata share excluded. Individuals are considered children for the purposes of this provision if they are under the parental control of another household member.
7 C.F.R. § 273.9(c)(7) (emphasis added).
[5] The Court finds dictionary definitions of the word "child" inconclusive in establishing a plain meaning of the term. The dictionaries consulted by this Court contain several alternative definitions of the word, the most common usage referring to that stage of human development between birth and puberty. However, resort to dictionaries to establish the plain meaning of a statutory term is not always conclusive. See Burns v. Alcala, 420 U.S. 575, 579 & n. 3, 95 S.Ct. 1180, 1183-84 & n. 3, 43 L.Ed.2d 469 (1975) (finding inconclusive dictionary definitions of the word "child" in the context of the Aid to Families with Dependent Children statute, 42 U.S.C. § 601, et seq.)
[6] Department of Agriculture regulations, prior to 1977, provided that an income exclusion was available for:

Income received as compensation for services as an employee or income from self-employment by a child residing in the household who is under 18 years of age and who is attending at least halftime, as defined by the institution, a kindergarten or preschool, a grade school, high school, vocational school, college or university.
This exclusion does not apply to the training allowances or educational grants received by the child. Nor will it apply if the student is an emancipated minor or living alone as he no longer can be considered a child residing in the household.
The exclusion of this income will not be altered by temporary interruptions in the school attendance, such as semester or summer vacations, provided the child's enrollment will resume following the break.
See House Rep. No. 95-464, 1977 U.S.Code Cong. & Admin.News at 2013.
[7] The term "household" is defined in the Food Stamps Act at 7 U.S.C. § 2012(i). See infra note 3.
[8] Secretary Yeutter's argument that this construction of the Food Stamp Act results in impermissible "dual participation" by Plaintiff in her own food stamp household as well as the household of her parents merits little attention. Excluding the income of Plaintiff pursuant to the plain language of the Act does not put Plaintiff into another food stamp household.
[9] The statute provides in pertinent part:

The State agency  (i) shall disregard all of the earned income of each dependent child receiving aid to families with dependent children who is ... a full-time student or a part-time student, who is not a full-time employee attending a school, college or university, or a course of vocational or technical training designed to fit him for gainful employment.
42 U.S.C. § 602(a)(8)(A)(i).
[10] 42 U.S.C. § 602(a)(7) provides in pertinent part:

except as may be otherwise provided in paragraph (8) or (31) and [42 U.S.C. § 615], ... the state agency
(A) shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children, or of any other individual (living in the same home if such child or relative) whose needs the State determines should be considered in determining the need of the child or relative claiming such aid;
. . . . .
42 U.S.C. § 602(a)(38) provides in pertinent part:
in making the determination under paragraph (7) with respect to a dependent child and applying paragraph (8), the State agency shall (except as otherwise provided in this part) include 
(A) any parent of such child
. . . . .
[11] Instead, the state had to include the income of Plaintiff's parents to the same extent that income of a stepparent is included in determining AFDC eligibility. 42 U.S.C. § 602(a)(39). That section provides that the state:

in making the determination under paragraph (7) with respect to a dependent child whose parent or legal guardian is under the age of 18, the State agency shall (except as otherwise provided in this part) include any income of such minor's own parents or legal guardians who are living in the same home as such minor and dependent child, to the same extent that income of a stepparent is included under paragraph (31);
[12] The Court concludes that the Eleventh Amendment to the United States Constitution is not a bar to the relief granted. The State of Maine waived any Eleventh Amendment sovereign immunity it may have enjoyed by removing the action to this Court and by bringing third-party claims against the federal defendants. See M.A.I.N. v. Petit, 659 F.Supp. 1309, 1315 (D.Me.1987).